IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL LITTLE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 20-126-E |
| KILOLO KIJAKAZI,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 21st day of September, 2021, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.[2]  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990)

---

[1] Kilolo Kijakazi is substituted as the defendant in this matter, replacing former Commissioner Andrew Saul pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).  The Clerk is directed to amend the docket to reflect this change.

[2] Defendant asks the Court to tax costs against Plaintiff but does not advance an argument in support of that request.  Accordingly, the Court will award no costs.  *See Pa. Dep't of Pub. Welfare v. U.S. Dep't of Health & Hum. Servs.*, 101 F.3d 939, 945 (3d Cir. 1996).

(if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[3]

---

[3]     Plaintiff argues that the Administrative Law Judge ("ALJ") erred in evaluating his subjective complaints in finding him to be not disabled. Specifically, he argues that the ALJ improperly relied on his non-compliance with his prescribed medication in discounting his subjective complaints despite the fact that non-compliance is common with his condition – bipolar disorder. He asserts that, as a result, the residual functional capacity ("RFC") formulated by the ALJ does not account for all of his work-related limitations. The Court disagrees and finds that substantial evidence supports the ALJ's decision.

It is first important to note that the ALJ did not rely on 20 C.F.R. § 404.1530 in deciding this case. That is, he did not deny benefits specifically based on Plaintiff's failure to follow treatment prescribed by his physicians. Rather, he considered Plaintiff's numerous incidents of non-compliance in evaluating his "credibility," *i.e.*, whether his statements regarding his symptoms and related limitations were consistent or inconsistent with the record evidence. *See* S.S.R. 16-3p, 2017 WL 5180304 (S.S.A.), at *2 (Oct. 25, 2017). There is no question that a claimant's compliance or non-compliance with his or her recommended treatment is a valid factor to consider in evaluating the credibility of the claimant's statements. *See* S.S.R. 16-3p at **9-10; *Middleton v. Colvin*, Civ. No. 15-1419, 2015 WL 13738770, at *14 n.25 (E.D. Pa. Dec. 8, 2015), *report and recommendation adopted*, No. 2:15-CV-1419, 2016 WL 244930 (E.D. Pa. Jan. 21, 2016); *Vega v. Astrue*, Civ. No. 07-2975(AET), 2009 WL 536413, at *4 (D.N.J. Mar. 3, 2009). Therefore, there is nothing inherently wrong with the ALJ's reliance on this factor in making his findings as to the consistency of Plaintiff's statements.

Plaintiff contends, however, that the ALJ failed to account for other possible explanations for his non-compliance with his medication, rendering the credibility analysis flawed. Plaintiff is correct that an ALJ must not "find an individual's symptoms inconsistent with the evidence in the record on [the basis of non-compliance] without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints." S.S.R. 16-3p at *9. *See also Fahy v. Astrue*, No. 06-CV-366, 2008 WL 2550594, at *7 (E.D. Pa. June 26, 2008). Valid alternative reasons can include where a claimant's mental impairments prevent him or her from understanding "the appropriate treatment for or the need for consistent treatment of his or her impairment" or from being "aware that he or she has a disorder that requires treatment." S.S.R. 16-3p at *10. Plaintiff suggests that the nature of his bipolar condition accounts for his non-compliance and constitutes sufficient reason to preclude the ALJ from holding his non-compliance against him in regard to his credibility. While there is no question that a claimant's mental condition, including bipolar disorder, *could* explain non-compliance with treatment, it does not do so here.

No medical provider in the record attributed Plaintiff's relatively poor compliance with his prescribed medication to his bipolar condition. Rather, as the ALJ discussed at length,

Plaintiff's non-compliance issues were often intertwined with his use of illegal narcotics and alcohol. The ALJ explained that his credibility findings were tied to Plaintiff's drug/alcohol use and his refusal to seek therapy and drug/alcohol treatment. (R. 649). He specifically discussed a July 2012 treatment note where Plaintiff explained that he skips his medications when drinking (R. 292) and a March 2015 situation where Plaintiff stopped taking his prescribed Klonopin on his own to account for treatment at a methadone clinic that he was too ashamed to discuss with his doctors. (R. 591, 595, 650-51). The ALJ also noted that Plaintiff was not always forthright with medical care providers regarding his substance use and that, at times, he appeared primarily to be focused on obtaining controlled substances. (R. 652, 654). He also explained that Plaintiff himself acknowledged that his condition improved with medication, yet remained negligent in taking that medication. (R. 651, 654). The ALJ therefore did consider the reasons for Plaintiff's non-compliance and found them to be inconsistent with Plaintiff's overall testimony regarding his symptoms and related limitations.

Just as importantly, Plaintiff's non-compliance was not the only factor considered by the ALJ in evaluating Plaintiff's credibility. He also considered the fact that Plaintiff had undergone a relatively routine course of treatment involving medication management with no psychiatric hospitalizations during the relevant period and the fact that there were generally few objective abnormalities in Plaintiff's mental status examinations. (R. 649). He also considered Plaintiff's activities of daily living and the fact that he had worked as a caregiver for his girlfriend during the relevant time period, albeit not enough to reach the level of substantial gainful activity. (R. 651, 653). All of these are proper factors for consideration. See Garrett v. Comm'r of Soc. Sec., 274 Fed. Appx. 159, 164 (3d Cir. 2008); S.S.R. 16-3p at **5-8; 20 C.F.R. §§ 404.1529(c)(3)(iv) and (v); 404.1571. Where an ALJ has articulated reasons supporting a credibility determination, that determination is afforded significant deference. See Horodenski v. Comm'r of Soc. Sec., 215 Fed. Appx. 183, 188-89 (3d Cir. 2007); Reefer v. Barnhart, 326 F.3d 376, 380 (3d Cir. 2003). The Court finds that such deference is warranted in this case.

Moreover, determining the consistency of Plaintiff's statements with the record evidence itself was only one part of the ALJ's determination of the RFC. He also relied on, and discussed, the objective medical evidence and clinical findings, Plaintiff's global assessment of functioning scores, his activities of daily living, his work during the relevant period, and opinions from multiple medical sources that supported the RFC determination. In light of this, even if the ALJ had insufficiently discussed Plaintiff's non-compliance issues with regard to his credibility – and again, the Court finds that he did not so err – this issue was just one of many relevant to the ALJ's ultimate determination that Plaintiff was not disabled. The Court further notes that Plaintiff does not suggest with sufficient specificity the additional restrictions that should have been included in his RFC but for the ALJ's alleged error in evaluating the consistency of his subjective statements.

Accordingly, for all of the reasons set forth herein, the Court finds that substantial evidence supports the ALJ's decision and therefore affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 15) is DENIED and that Defendant's Motion for Summary Judgment (document No. 17) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:	Counsel of record